**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ENMANUEL QUINTERO QUINTERO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-984-D** |
| | ) | |
| **MARKWAYNE MULLIN et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Enmanuel Quintero Quintero, a noncitizen[1], seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge Timothy D. DeGiusti has referred the case to the undersigned magistrate judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Respondents filed a response. (ECF No. 8).

For the reasons below, the undersigned recommends the Court **GRANT** Petitioner's habeas petition, in part, and order Respondents to bring Petitioner before an immigration judge (IJ) for a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr,* 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. 1101(a)(3)).

## I.    BACKGROUND AND PETITIONER'S CLAIMS FOR RELIEF

Immigrations Customs and Enforcement (ICE) officials took Petitioner into custody on January 14, 2026. Little more is known or provided by either party as to the details of Mr. Quintero's detention other than at some point in his past, he had filed for asylum and is awaiting that adjudication. *See* ECF No. 1:7. Mr. Quintero believes he is being improperly held in violation of the Immigration and Nationality Act and Due Process, because he was detained without notice and has not been provided an individualized bond hearing. *See* ECF No. 1:7. On June 3, 2026, an Immigration Judge ordered Petitioner removed.[2] Mr. Quintero is currently detained at the Cimmaron Correctional Facility.[3]

Petitioner asks the Court to issue a writ of habeas corpus requiring that Respondents immediately release Petitioner or, alternatively provide a bond hearing under 8 U.S.C. § 1226(a). (ECF No. 1:8).

## II.    STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

---

[2]  *See* https://acis.eoir.justice.gov/en/caseInformation (last visited June 30, 2026).

[3]  *See* https://locator.ice.gov/odks/#/results (last visited June 30, 2026).

### III.    PETITIONER IS ENTITLED TO A BOND HEARING

A pro se litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberally construed, the undersigned reads the Petition to contest his detention without any bond hearing and to seek a bond hearing. *See Torres Villason, v. Dir. of Diamondback Corr. Ctr.,* No. CIV-26-371-D, 2026 WL 950132, at *2 (W.D. Okla. Apr. 8, 2026) (finding pro se petitioner's detention governed by § 1226(a) rather than § 1225(b)(2) when he did not have a final order of removal); *see also Macias Emigdio v. Grant*, No. CIV-26-135-SLP, 2026 WL 735462, at *2 (W.D. Okla. Mar. 16, 2026) (finding in a counseled case the issue of whether petitioner was properly detained pursuant to § 1226 or § 1225 properly before the court even if the claim could have been developed "more robustly").

Indeed, it appears that Respondents read the Petitioner's arguments similarly, stating:

> Petitioner is being held pursuant to 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing. But Petitioner contends that Respondents violated the Immigration and Nationality Act and that he is entitled to a bond hearing or release. The members of this Court have established their respective positions on this issue. Judicial economy and Rule 1 are not furthered by continued relitigation of the same points. [However], Respondents respectfully ask the Court to hold that Petitioner is properly held pursuant to § 1225(b)(2)(A) and dismiss the Petition.

(ECF No. 8:1-2). The Court should conclude that Petitioner is entitled to a bond hearing and decline to address the Due Process claim.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Respondents contend Petitioner is properly detained under § 1225(b)(2)(A). (ECF No. 8:1-2).

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue.  For the reasons stated below, and adopting this Court's reasoning in *Sadullaev v. Grant, No. CIV-26- 826-D*, 2026 WL 1257358 (W.D. Okla. May 7, 2026) the undersigned recommends the Court grant the Petition in part to the extent Petitioner seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens already living in the United States when apprehended. Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control." *Colin*, 2025 WL 3645176, at *4. "If all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be superfluous and redundant, and courts should avoid statutory interpretations that make any part of the statute superfluous." *Colin*, 2025 WL 3645176, at *4 (citation modified). The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States and were not arrested when trying to cross the border.[4]

Second, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended.  Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without

---

[4] Again, little information has been provided by either party regarding when Petitioner entered the United States, or how long he has been here. But Petitioner indicated that at some point prior to his January 14, 2026 detention, he has filed an application for asylum and was awaiting a ruling. See ECF No. 1. This information leads to the logical conclusion that Petitioner was not arrested in January while trying to cross the border, but in fact had been in the United States when he was detained by ICE officials.

having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified).

In sum, this Court, Chief Judge Palk, Judge Jones, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner who had been living in the United States for years and were present in the country when apprehended.[5] This conclusion is also in accord with the Sixth, Eleventh, Second and Seventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents. *See Lopez-Camos v. Raycraft,* --- F.4th ---, 2026 WL _____ (6th Cir. 2026); *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, --- F.4th ---,  2026 WL 1243395, at *5 (11th Cir. 2026); *Cunha v. Freden*, No. 25-3141-PR, --- F.4th ---, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). *But see Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026) (agreeing with Respondents'

---

[5] *See, Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025); *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026); *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *1 (W.D. Okla. Jan. 21, 2026); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez v. Holt,* No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025).  Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

interpretation); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 501-08 (5th Cir. 2026) (same).

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a). *See, e.g.*, *Singh v. Mullin*, No. CIV-26-173-D, 2026 WL 937557, at *1-2 & 2 n.1 (W.D. Okla. Apr. 7, 2026) (recent application by this Court of § 1226(a) to a similarly situated petitioner, noting "the Court finds persuasive the analysis by the Seventh Circuit in *Castañon-Nava*"). The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.

## IV.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned further recommends that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **July 7, 2026**. If a party wishes to respond to the other party's objections, such response must

be filed not later than **July 10, 2026**. *See id.* The parties are further advised that failure

to make timely objection to this Report and Recommendation waives the right to appellate

review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d

1120, 1123 (10th Cir. 2010).

## V.     STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral

to the undersigned Magistrate Judge in the captioned matter.

ENTERED on June 30, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE