**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ENMANUEL QUINTERO QUINTERO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-984-D |
| | ) | |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner's Motion for Immediate Release and Motion for Reconsideration. [Doc. Nos. 13, 15]. Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1], in which he asserted that his detention was violative of the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq.* (INA). In a prior Order, the Court granted in part Petitioner's habeas petition, found that 8 U.S.C. § 1226(a) controls Petitioner's detention, and ordered Respondents to provide Petitioner with a bond hearing under § 1226(a), within 7 days of the Order, or release him. [Doc. No. 11]. Pursuant to the Court's Order, Petitioner received a bond hearing on July 28, 2026. [Doc. No. 14-1, at p. 1]. At the bond hearing the immigration judge denied Petitioner's request to be released on bond because he found that Petitioner was a flight risk and had an "order of removal [that was] administratively final." *Id.*

In the present motions, Petitioner requests the Court order Respondents to provide him with another bond hearing that complies with the Court's Order or release him. [Doc. Nos. 13, 15]. Specifically, he argues that the bond hearing did not comply with the Court's

Order because the immigration judge denied his request to be released on bond on the basis that Petitioner had a final order of removal, which Petitioner argues is incorrect. [Doc. No. 15]. Indeed, he argues that he "disagree[s] with the decision of the [immigration] judge that denied [his] bond" and asks the Court to reconsider "the decision issued in [his] bond hearing." *Id.*

Although this Court has jurisdiction to ensure compliance with its own orders, it does not have jurisdiction to review a discretionary bond determination by an immigration judge. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the … revocation or denial of bond or parole.").[1] In this case, Petitioner has not shown that the bond hearing failed to comply with this Court's Order to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226. Petitioner does not address the fact that the immigration judge also denied his request for bond because he found that Petitioner was a "flight risk." [Doc. No. 14-1]. Although Petitioner disagrees with the immigration judge's determination, Petitioner's motions do not provide the Court with any legal authority for the Court to review the immigration judge's discretionary bond decision made under § 1226.

For these reasons, Petitioner's Motion for Immediate Release and Motion for Reconsideration [Doc. Nos. 13, 15] are **DENIED**.

[1] This statute refers to the Attorney General; however, Congress has empowered the Secretary of the Department of Homeland Security to enforce the INA. *See Nielsen v. Preap*, 586 U.S. 392, 397 n.2 (2019).

**IT IS SO ORDERED** this 23rd day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE